**Clyde C. RANDOLPH, Jr., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. C–243–WS–66.**

United States District Court
M. D. North Carolina,
Winston-Salem Division.

Sept. 11, 1967.

Judgment Affirmed Jan. 15, 1968.
See 88 S.Ct. 695.

Clyde C. Randolph, Jr., Renn Drumm, William G. Pfefferkorn and Jerry Dee Moize, Winston-Salem, N. C., for plaintiff.

William H. Murdock, U. S. Atty., and Richard M. Dailey, Jr., Asst. U. S. Atty., Greensboro, N. C., for defendant.

Before CRAVEN, Circuit Judge, and STANLEY, and GORDON, District Judges.

PER CURIAM.

In this action an individual attorney attacks as unconstitutional the statutory and regulatory restrictions placed on the fees of attorneys representing claimants seeking social security benefits.

The plaintiff in his complaint filed December 16, 1966, seeks a declaratory judgment that 42 U.S.C. § 406(a) [1] and the administrative regulation issued by the Secretary of Health, Education and Welfare pursuant to such statute, 20 C.F.R. 404.976,[2] are void as being repugnant to the constitution, in that:

1. Claimants for social security benefits are effectively deprived, in the prosecution of social security claims, of their right to retained counsel as guaranteed by the due process clause of the Fifth Amendment.

2. These restrictions are an unreasonable encroachment on the judicial branch in violation of Article III, Section 2 of the Constitution.

3. The statute is an unconstitutional delegation of legislative power to an administrative agency.

4. No valid and legally effective rule or regulation has actually been promulgated by the Secretary of Health, Education and Welfare as authorized by 42 U.S.C. § 406.

Plaintiff seeks an injunction against the United States of America to restrain enforcement of 42 U.S.C. § 406 and a mandatory injunction to compel the Secretary of Health, Education and Welfare to deal directly with attorneys representing claimants seeking social security benefits and to recognize and honor liens of attorneys for their fees.

The government in a motion filed April 17, 1967, moved to dismiss the complaint on the grounds that:

1. The complaint fails to state a claim against the defendant from which relief can be granted.

2. The plaintiff has no standing to bring the action and the complaint fails to allege a justiciable controversy.

The essential facts are as follows: On or about October 1, 1965, the plaintiff was retained by Mrs. Novella B. Holder to prosecute her claim for social security disability benefits on a contingent fee based on one-third of any past due benefits recovered. Mrs. Holder's claim had twice been previously denied by the Social Security Administration prior to plaintiffs' retention and was again administratively denied on April 8, 1966. A hearing was requested on April 25, 1966, and held before a Hearing Examiner, on July 12, 1966. As a result, the claimant was found to have been under a disability since December 1, 1961, and subsequently received past due benefits in the amount of $4,866.40. The plaintiff

1. 42 U.S.C. § 406:
"* * * The Secretary may, by rule and regulation, prescribe the maximum fees which may be charged for services performed in connection with any claim before the Secretary under this title, and any agreement in violation of such rules and regulations shall be void. * * *"

2. 20 C.F.R. 404.976:
"An attorney who is admitted to practice before a court of a State, Territory, District, or insular possession, or before the Supreme Court of the United States or an inferior Federal court, and who is not otherwise prohibited by law from charging or receiving such a fee, may upon petition therefor and good cause shown charge and receive such fee for services rendered in any proceeding under

title II of the act before the Bureau of Old-Age and Survivors Insurance, or a hearing examiner, or the Appeals Council, * * * as may be approved by such Bureau, hearing examiner, or Appeals Council, respectively: Provided, That no such approval shall be required for charging or receiving a fee for such services in a total amount not greater than the following: Representation before the Bureau only, $20; representation before a hearing examiner and/or the Appeals Council only, $30; representation before the Bureau and a hearing examiner and/or the Appeals Council only, $50. This limitation shall be applicable whether the fee is paid by a party to the proceeding or by someone else."

filed with the Social Security Administration Bureau of Hearings and Appeals a Petition for Order Approving Counsel Fees in which was noted the amount of work done and the complicated medical problems involved in representing the claimant. The fee requested was $1,577.33, which was the plaintiff's computation of one-third of the total past due benefits. On October 24, 1966, the plaintiff received an authorization to charge a fee in the amount of $750.00.

## DISCUSSION

At the outset, plaintiff concedes that statutes regulating the fees of attorneys appearing before administrative agencies have survived attacks which were based on the attorney's right to contract as guaranteed by the Fourteenth Amendment.[3] However, plaintiff asserts his challenge on more novel grounds: first, that the statute violates the due process clause of the Fifth Amendment which guarantees the claimant the right to counsel,[4] and secondly, that it encroaches on the powers of the judiciary as set forth in Article 3, Section 2 of the Constitution.[5] For insurance, two not so novel grounds are also urged upon the Court: that the statute is an unconstitutional delegation of legislative authority, and that a proper administrative regulation has not been promulgated by the Secretary of Health, Education and Welfare.

This Court finds that the statute survives these attacks despite their novelty and grants the defendant's motion to dismiss on the grounds that the plaintiff has failed to state a claim upon which relief can be granted.

In plaintiff's main thrust he asserts that every social security claimant has the constitutional right to counsel in administratively pursuing his claims, and that this right is thwarted by 46 U.S.C. § 406 and its progeny, 20 C.F.R. 404.976, which requires that any attorney's fee larger than a very minimum figure must be approved by the Social Security Administration. The statute also provides for criminal sanctions if a greater fee is charged. The plaintiff contends that these statutory and regulatory restrictions of attorney's fees so effectively discourage attorneys from handling social security cases that the claimants are deprived of the assistance of counsel.

Even assuming *arguendo* that the plaintiff's conclusion, that claimants are effectively deprived of counsel under these fee restrictions is correct, this Court cannot accept the plaintiff's initial premise, which is that claimants for social security benefits have a constitutionally protected right to counsel in pursuing their claims through the administrative procedures of the social security system.

It is readily acknowledged that the interest of a claimant is of sufficient substance to fall within the protection from arbitrary governmental action afforded by the due process clause. Flemming v. Nester, 363 U.S. 603, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960). However, the Supreme Court in the above case also stated that such benefits did not have the due process protection of an accrued property right. Within the bounds of reasonable action, the social security system is a child of Congress and, as such, subject to its regulation. If for a valid reason, Congress can prohibit attorneys completely from the administrative processing of claims, then certainly Congress can subject attorney's fees to regulations.

As a practical matter, attorneys should be encouraged to assist in the presentation of complicated claims. The

---

3. Calhoun v. Massey, 253 U.S. 170, 40 S.Ct. 474, 64 L.Ed. 843 (1920); Hines v. Lowrey, 305 U.S. 85, 59 S.Ct. 31, 83 L.Ed. 56 (1938).

4. Fifth Amendment:
"No person shall * * * be deprived of life, liberty, or property, without due process of law; * * *."

5. Article III, Section 2:
"The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority; * * *."

attorney's absence in such cases is lamented in a number of opinions which comment on the chaotic records of such cases on appeal to the Federal Courts.[6] Nevertheless, if such fee restrictions place too great a burden on attorneys, the change in such restrictions should be attempted through legislative channels and should not be accomplished through judicial fiat when such restrictions do not offend due process.

■ Next, the plaintiff urges that these restrictions on attorney's fees violate Article III, Section 2, of the Constitution as an encroachment on the judiciary. However, these restrictions do not relate to the regulation of fees of attorneys prosecuting claims before the courts which might raise the question of encroachment on the judiciary. These restrictions relate only to attorney's fees in connection with claims before an executive officer, thus precluding any question of judicial encroachment.

■ The argument, that 46 U.S.C. § 406 is an unconstitutional delegation of legislative power because it provides the Secretary with full discretion to regulate attorney's fees, is without merit. It is well accepted that while Congress may not delegate the discretion of what a law shall be, it may lawfully delegate the discretion of how a law will be administered. The cases cited by the plaintiff to uphold his argument[7] have little persuasive force now in light of subsequent decisions. Congress can legislate only so far as it is reasonable and practical, and it must be able to clothe executive officers with the discretion to fill in the details so as to accomplish its purposes.[8] In order to insure flexibility in the administration of the legislation,[9] no specific standards need be set for each subsidiary executive action. The legislative intent of 46 U.S.C. § 406 is clear. Congress intended to allow the Secretary the discretion of setting maximum fees for services performed in connection with any claims before his Department. To require a strict standard to be set by Congress, would rob the Executive officer of the flexibility needed to properly administer the statutory scheme embodied in the Social Security Act.

■ Lastly, the plaintiff contends that the Secretary has not prescribed by rule or regulation the maximum attorney's fees as authorized by statute, but has attempted to vest his subordinate administrative officials with the absolute discretion to arbitrarily fix such fees. Since 20 C.F.R. 404.976 does not lay down strict standards to be followed in the determination of fees, the plaintiff asserts that it is not a valid rule or regulation. The flexibility needed in legislative enactment by Congress is no less needed in the promulgation of executive regulations. This discretion to set fees is exercised based upon a recommendation immunating from the level of the administration best able to judge what the proper compensation should be in each case, i. e., that division of the administration where the services were actually rendered. To require the Secretary to prescribe rigid standards in the setting of attorney's fees would serve to straitjacket the Social Security Administration in an area where adaptability is a continuing necessity.

Accordingly, an order will be entered.

6. Farley v. Celebrezze, 3 Cir., 315 F.2d 704 (1963); Butler v. Flemming, 5 Cir., 288 F.2d 591 (1961).

7. Panama Refining Co. v. Ryan, 293 U.S. 388, 55 S.Ct. 241, 79 L.Ed. 446 (1935); A.L.A. Schechter Poultry Corp. v. United States, 295 U.S. 495, 55 S.Ct. 837, 847, 79 L.Ed. 1570 (1935).

8. Carlson v. Landen, 342 U.S. 524, 72 S.Ct. 525, 96 L.Ed. 547 (1951).

9. Yakus v. United States, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834 (1944).