**Anna L. GIPSON, Appellant,**

v.

**Patricia HARRIS, Secretary of Health, Education and Welfare, Appellee.**

**No. 80–1240.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 23, 1980.

Decided Oct. 29, 1980.

Michael Hufft, Legal Aid of Western Missouri, Kansas City, Mo., for appellant.

Ronald S. Reed, Jr., U. S. Atty., Judith M. Strong, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before LAY, Chief Judge, and HEANEY and ARNOLD, Circuit Judges.

HEANEY, Circuit Judge.

Anna L. Gipson appeals the district court's dismissal of her action seeking judicial review of proceedings by the Social Security Administration (SSA).

On April 21, 1978, Anna Gipson applied for disability insurance benefits with the SSA. The application was denied on June 23, 1978. Notice of the denial was mailed to the claimant on August 18, 1978. Claimant's attorney also received a copy of the SSA's "Notice of Disapproved Claim" at that time.

On September 5, 1978, claimant, at the direction of her attorney, filed a "Request for Reconsideration" form with the SSA district office. The request was denied by the SSA on December 12, 1978. The claimant was notified that she had sixty days to request a hearing on the SSA's reconsideration denial. The claimant's attorney did not learn that the request for reconsideration had been denied until March 7, 1979—almost three months after the notice was mailed to the claimant.

On March 9, 1979, claimant's attorney filed a Request for Hearing and a Motion for Extension of Time for Filing Request for Hearing. SSA regulations permit extensions of time to request a hearing or review for "good cause shown." 20 C.F.R. § 404.954(a) (1979). Claimant's request for

a hearing was dismissed by an administrative law judge because it was untimely. The SSA Appeals Council affirmed the dismissal, finding that the claimant had not established "good cause" to warrant a time extension because she had not shown why she did not or could not contact her attorney upon receipt of the December 12, 1978, reconsideration denial. The Council noted, however, that the claimant might wish to file a new application for benefits because she would continue to meet SSA earnings requirements at least through March 31, 1982. Notice of this decision was sent to the claimant and to her attorney.

On August 15, 1979, the claimant filed suit in the United States District Court for the Western District of Missouri. The Secretary moved to dismiss, arguing that the claimant had not exhausted her administrative remedies. Specifically, the Secretary maintained that the decision whether to permit an out-of-time hearing is committed to agency discretion upon a showing of "good cause" and that such a determination is not a "final decision made after a hearing" which would permit judicial review under the Social Security Act.[1] The district court dismissed the suit, apparently on the grounds urged by the Secretary. The court denied claimant's motion to reconsider, stating that the holding in *Sheehan v. Secretary of H.E.W.*, 593 F.2d 323 (8th Cir. 1979), mandates dismissal of the action.

Claimant contends on appeal that the Secretary's failure to provide her attorney with notice of the "Denial of Reconsideration" was a violation of her procedural due process rights. She asserts that this consti-

1. 42 U.S.C. § 405(g) reads in part:
(g) Any individual, *after any final decision of the Secretary made after a hearing* to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. [Emphasis added.]
*See also* 42 U.S.C. § 405(h), which states:
(h) The findings and decision of the Secretary after a hearing shall be binding upon all

individuals who were parties to such hearing. *No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided.* No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter. [Emphasis added.]

tutional claim conferred the district court with subject matter jurisdiction over her claim.

■ The claimant correctly assumes that when actions of the Secretary are challenged on colorable constitutional grounds that are collateral to the substantive claim for benefits, the requirement of exhaustion of remedies is waivable by the court. *Copaken v. Secretary of H.E.W.*, 590 F.2d 729, 731 (8th Cir. 1979). Consequently, the district court's reliance on *Sheehan v. Secretary of H.E.W., supra,* was misplaced. *Sheehan* held only that a federal district court lacks jurisdiction to review the Secretary's discretionary determination made without a hearing that no "good cause" was shown for claimant's failure to file a timely appeal. 593 F.2d at 325–327. There was no constitutional issue presented in *Sheehan,* and we expressly noted that the Secretary lacks power to adjudicate constitutional disputes. *Id.* at 326 n.7.

■ Plaintiff's constitutional claim is sufficiently colorable to have conferred the district court with subject matter jurisdiction. *Himmler v. Califano,* 611 F.2d 137, 147–149 (6th Cir. 1979). Substantively, however, the claim is without merit. There is no dispute that the claimant received the SSA letter that gave notice of the reconsideration denial. Assuming without deciding that an *applicant* for social security disability benefits has a constitutionally protected "property" interest in such potential benefits, we hold that under the facts of this case, the due process clause did not require the SSA to separately notify claimant's attorney of the reconsideration denial.

In addition, we have carefully considered the claimant's contention on appeal that the SSA's own rules, regulations, procedures and course of conduct mandated that separate notice be sent to her attorney. None of the particular examples cited by the claimant specifically obligated the SSA to notify both the claimant and her attorney of record.

The claimant's failure to promptly notify her attorney that she received the denial notice was unfortunate. However, the Secretary's conduct was even more unfortunate. It would certainly have been preferable to notify both the claimant and her representative of record that the reconsideration request was denied. More importantly, the delay caused by this omission could easily have been excused by the Secretary. In our view, the Secretary's refusal to grant the claimant an out–of–time hearing under 20 C.F.R. § 404.954(a) (1979) was unwarranted. Nevertheless, it is not appropriate for this Court to waive the exhaustion requirement of section 405(g) simply because we conclude that the Secretary erred in refusing the claimant an out–of–time hearing.

The SSA Appeals Council informed the claimant that she may wish to file a new application for benefits because she will continue to meet SSA earnings requirements at least through March 31, 1982. We assume this invitation was made in good faith and that the Secretary will not raise any defenses to the new application other than possible defenses going to the substantive merits of Gipson's disability claim.[2]

The district court's judgment is affirmed.

**2.** Specifically, the Secretary's solicitation of a new application, in our view, constitutes an SSA promise that the defenses of res judicata

and collateral estoppel under 20 C.F.R. §§ 404.-937(a) and 404.938a (1979) will not be asserted

against Gipson should she file a new claim for
SSA disability benefits.

