**William J. SCHMITZ,
Plaintiff-Petitioner,**

**v.**

**Richard G. SCHWEIKER, Secretary of Health and Human Services, individually and in his capacity as Secretary of Health and Human Services, Defendant-Respondent.**

**No. Civ 82–307 PHX EHC.**

United States District Court,
D. Arizona.

Oct. 5, 1982.

Michael Riikola, Shimmel, Hill, Bishop & Gruender, P.C., Phoenix, Ariz., for plaintiff-petitioner.

A. Melvin McDonald, U.S. Atty., John R. Mayfield, Asst. U.S. Atty., Phoenix, Ariz., for defendant-respondent.

## MEMORANDUM AND ORDER

CARROLL, District Judge.

For the reasons set forth in this Memorandum, Defendant's Motion to Dismiss will be granted.

On March 5, 1982, William J. Schmitz filed a complaint, captioned "Social Security Appeal", or "Alternative Petition for Writ of Mandamus, 28 U.S.C. § 1361".

The complaint reflects (p. 2) that the Appeals Council of the Social Security Administration, "in June, 1980" affirmed a denial of Schmitz' claim for Social Security

benefits under relevant provisions of the Social Security Act.

 The action of the Appeals Council was dated May 27, 1980, and included the following provision:

> If you desire a court review of the hearing decision, you may commence a civil action in the district court of the United States in the judicial district in which you reside within sixty (60) days from the date of receipt of this letter. It will be presumed that this letter is received within five (5) days after the date shown above unless a reasonable showing is otherwise made. See Section 205(g) of the Social Security Act as amended (42 U.S.C. 405(g) and Section 422.210 of Social Security Administration Regulations No. 22 (20 CFR 422.210)

This action was not timely filed to review the decision denying benefits under the Act. Therefore, this Court is without jurisdiction to review such decision.

Under date of April 28, 1981, Mr. Schmitz, through counsel, "Resubmitted" a brief to the Bureau of Hearings and Appeals. The resubmission alleged that "Claimant's attorneys have received no notice of a decision from the Bureau of Appeals . . ." and requested "that this resubmitted brief be considered by the Bureau and that a favorable determination be made."

The Complaint in this Court does not refer to a claimed lack of service of the May 27, 1980 decision on counsel as a basis for setting aside that decision. While the decision reflects a copy sent to counsel, it is unnecessary to resolve any dispute in this regard. *See, Gipson v. Harris,* 633 F.2d 120 (8th Cir. 1980).

On June 1, 1981, a Petition to Reopen the proceeding was filed. The Administrative Law Judge handling the matter found "no good cause to reopen" in a Memorandum dated November 10, 1981, and Mr. Schmitz' counsel thereafter wrote the Appeals Council advising that should it "rule that there is no good cause to reopen this claim", a district court action would be filed.

This Court action was filed one week before the Appeals Council wrote Counsel on March 12, 1982, reviewing the status of the claim, and advising him that the May, 1980 decision denying benefits became final without judicial review, and that the petition to reopen was concluded by the Administrative Law Judge in his November 10, 1981 memo.

 To the extent that the Complaint seeks to review the denial of the petition to reopen, it fails to state a claim. This issue is controlled by the United States Supreme Court Opinion in *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). As the Court there held: "[S]ection 205(g) cannot be read to authorize judicial review of alleged abuses of agency discretion in refusing to reopen claims for social security benefits." 430 U.S. at 107–08, 97 S.Ct. at 985, 51 L.Ed.2d at 201.

Accordingly, IT IS ORDERED, dismissing this action with prejudice.