**Herbert O. JENSEN, Appellant,**

v.

**Richard S. SCHWEIKER, Secretary,
Health and Human Services
Dept., Appellee.**

**No. 82–2106.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 17, 1983.

Decided June 22, 1983.

Herbert O. Jensen, Bismarck, N.D., pro se.

Toby H. Hollander, St. Louis, Mo., for appellant.

Rodney S. Webb, U.S. Atty., Jerome C. Kettleson, Asst. U.S. Atty., Bismarck, N.D., for appellee.

Before ROSS, Circuit Judge, HENLEY, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

HENLEY, Senior Circuit Judge.

Herbert O. Jensen, an inmate in the North Dakota State Penitentiary, filed this suit challenging the constitutionality of 42 U.S.C. § 423(f). That statute prohibits the payment of Social Security benefits to an individual for any month the individual is in prison on a felony conviction. The district court dismissed the claim for failure to exhaust administrative remedies and lack of jurisdiction. We reverse and remand for further proceedings.

The facts of this case are simple and uncontroverted. In 1974, after two heart attacks, Herbert Jensen began receiving Social Security disability benefits. In 1977 he was convicted of second degree murder, and he is currently serving a twenty year prison sentence. In 1980 Congress amended the Social Security Act to require that no monthly benefits be paid to any individual for any month during which he or she is in prison on a felony conviction. 42 U.S.C. § 423(f). In July, 1981 Jensen was notified that his benefits were suspended effective October, 1980 pursuant to this statute, and that he had been overpaid by almost $4,000.00.

Jensen did not challenge the termination of benefits in the administrative forums provided by the Social Security Act. In October, 1981 he filed suit against the Secretary in federal district court challenging § 423(f). He claimed the statute deprived him of his rights under the fifth and fourteenth amendments, and sought damages and injunctive relief. Jurisdiction was grounded in 42 U.S.C. § 1983, 28 U.S.C. § 1343, and by an amendment to his complaint, 28 U.S.C. § 1331 and § 1391(e).

None of the cited provisions confers jurisdiction over this case. Section 1983 does not itself grant jurisdiction. *Hagens v. Lavine,* 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974). Section 1343 requires that the statute on which a complaint is based be one securing "civil rights" or "equal rights" which the Social Security Act does not. *Chapman v. Houston Welfare Rights Org.,* 441 U.S. 600, 99 S.Ct. 1905, 60 L.Ed.2d 508 (1979). Nor does § 1331, the general federal question statute, provide jurisdiction; the Social Security Act precludes jurisdiction under that statute. 42 U.S.C. § 405(h); *Weinberger v. Salfi,* 422 U.S. 749, 757, 95 S.Ct. 2457, 2462, 45 L.Ed.2d 522 (1974). Finally, § 1391(e) is a venue provision, not a grant of jurisdiction.

However, jurisdiction may still exist. In *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), the Court held that 42 U.S.C. § 405(g) may provide a basis for district courts to exercise jurisdiction over Social Security claims absent exhaustion. Section 405(g) allows district court review of "final decisions." In that case, the claimant argued that the procedure by which Social Security benefits are terminated violated his due process rights. The Court found that when the claimant's constitutional challenge was collateral to his substantive claim and there was a possibility of irreparable harm from improper termination, the federal courts have jurisdiction even absent exhaustion. This excep-

tion is grounded in the futility of making a constitutional challenge before an agency and in the absence of available alternative grounds for a decision. *Id.* at 329, 96 S.Ct. at 900.

This Circuit has followed *Eldridge* in holding that a federal court has jurisdiction to hear a challenge to a Social Security regulation under § 405(g) as long as the challenge is collateral to the substantive claim and presents a colorable constitutional claim. *Gipson v. Harris,* 633 F.2d 120, 122 (8th Cir.1980); *see Himmler v. Califano,* 611 F.2d 137, 148 (6th Cir.1979).

Jensen never directly asserted § 405(g) as a basis for jurisdiction. However, the court is required to construe his pleadings liberally, since Jensen proceeded pro se in this case before the district court. Especially in view of the complexity of the jurisdictional issue, it is inappropriate to require dismissal solely on the grounds that he failed to list the applicable statute in his complaint.[1] Furthermore, the Supreme Court found in *Andrus v. Charlestone Stone Products Co.,* 436 U.S. 604, 98 S.Ct. 2002, 56 L.Ed.2d 570 (1978), that it does not matter "that the complaint does not in so many words assert [the statute at issue] as a basis of jurisdiction, since the facts alleged in it are sufficient to establish such jurisdiction." 436 U.S. at 607 n. 6, 98 S.Ct. at 2005 n. 6. Finally, the application of § 405(g) and *Eldridge* was raised by the Secretary in his memorandum in support of his motion to dismiss, so presumably the question was considered by the district court.

*Eldridge* requires a claim to be collateral to the substantive issue of entitlement and to present a colorable constitutional challenge. Whether a claim is collateral to the substantive claim of entitlement depends on whether the claim is unrelated to any controverted factual question of entitlement. Here, under § 423(f) Jensen is clearly not entitled to benefits. Further, there is no dispute that Jensen meets all

---

1. We note that Jensen does cite § 405(g) in his appellate brief. Pro Se Brief for Appellant at 4. Presumably there would be no obstacle to an amendment to his complaint asserting § 405(g) as a basis for jurisdiction.

other requirements of the Act and would, but for his incarceration, be receiving benefits. Like the situation in *Eldridge,* 424 U.S. at 331–32, 96 S.Ct. at 900–01, and unlike that in *Salfi,* 422 U.S. at 762, 95 S.Ct. at 2465, there was no reason besides the challenged statute for suspending benefits, and no alternative basis for continuing to provide benefits. We conclude that Jensen's claim is collateral to his substantive right to Social Security benefits.

Jensen's constitutional challenge is based on the due process clause of the fifth amendment. He also argues that § 423(f) violates the ex post facto clause. While we have found no cases interpreting or applying § 423(f), there are a number of helpful authorities.

Jensen relies on *Fleming v. Nestor,* 363 U.S. 603, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960), for the proposition that a provision of the Social Security Act which deprives a claimant of otherwise earned benefits violates the due process clause "if the statute manifests a patently arbitrary classification, utterly lacking in rational justification." 363 U.S. at 611, 80 S.Ct. at 1372. He then argues that denial of benefits to prison inmates as a class is irrational. On the one hand the Court in *Fleming* also held that it could not "be deemed irrational for Congress to have concluded that the public purse should not be utilized to contribute to the support of those deported." 363 U.S. at 612, 80 S.Ct. at 1373. The same may be said of those in prison, who are already being provided for by the "public purse"— here, a state government. On the other hand, *Fleming* did deal with what was essentially regulation of aliens, an area in which Congress has exceptional leeway. Thus *Fleming* may be distinguishable.

■ An ex post facto law is "the imposition of what can fairly be designated punishment for past acts." *DeVeau v. Braisted,* 363 U.S. 144, 160, 80 S.Ct. 1146, 1154, 4 L.Ed.2d 1109 (1960). *DeVeau* implies that if a statute is enacted to punish a class, rather than to regulate a "present situa-

tion," then the statute may violate the ex post facto clause. *DeVeau,* 363 U.S. at 160, 80 S.Ct. at 1154. In *Weaver v. Graham,* 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981), the Court held that "two critical elements must be present for a criminal or penal law to be ex post facto: it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it." 450 U.S. at 29, 101 S.Ct. at 964.

■ Section 423 on its face applies to those convicted of felonies before its enactment. Further, it deprives Social Security claimants in prison of a benefit to which they are otherwise entitled. However, it is not clear whether § 423(f) can be considered a "criminal" or "penal" law. It is part of the Social Security statutory scheme, and may be regulatory, not punitive. *DeVeau,* 363 U.S. at 160, 80 S.Ct. at 1154; *Fleming,* 363 U.S. at 617, 80 S.Ct. at 1376.

The legislative history does not seem determinative. Certainly there is evidence that the purpose of the provision was to prevent a drain on the Social Security system in a situation where benefits are not needed. However, there are also indications that the provision was viewed as punishment for crimes. See S.Rep. No. 96–987, 96th Cong., 2d Sess. (1980) *reprinted in* 1980 U.S.Code Cong. & Ad.News 4787, 4788; *Receipt of Social Security Benefits by Persons Incarcerated in Penal Institutions,* 1980: Hearings before the Subcommittee on Social Security of the Committee on Ways and Means, House of Representatives, 96th Cong., 2d Sess. (1980) (Serial 96–103).

Considering the nondeterminative legislative history and the general retroactive nature of the deprivation, there seems to be some merit to Jensen's ex post facto claim. Further, his due process claim deserves analysis in light of *Fleming* and its progeny. *Eldridge* and *Gipson* require only that the constitutional claim be "colorable" in order for the district court to have jurisdiction. Jensen's claims meet that standard.[2]

2. We hold only that Jensen's claims are not    without some merit. We express no view on

Because Jensen's complaint states colorable constitutional claims on a collateral issue, we find that the district court has jurisdiction and that exhaustion is not required. The case is reversed and remanded to the district court for further proceedings.

the constitutionality of § 423(f); that is a matter for the district court to consider on remand.

