**Welton CUFFEE, Nellie Roberts, Josephine Wolbert, Individually and on Behalf of all others Similarly Situated, Plaintiffs,**

**v.**

**Louis W. SULLIVAN, Secretary of Department of Health and Human Services, Robert E. Bartman, Commissioner of Education of the Department of Elementary and Secondary Education of the State of Missouri, Frank Jost, Coorindator of the Section of Disability Determinations, Elizabeth Washburn, Defendants.**

No. 90–0460–CV–W–5.

United States District Court, W.D. Missouri, W.D.

June 3, 1993.

James M. Smith, Maria T. Dugan, Legal Aid of Western Missouri, Kansas City, MO, for plaintiffs.

Kristi A. Schmidt, Frank V. Smith, III, Dept. of Health & Human Services, Edwin H. Steinmann, Jr. Missouri Atty. General's

Office, Jerry L. Short, U.S. Attys. Office, Kansas City, MO, for defendants.

## ORDER

SCOTT O. WRIGHT, Senior District Judge.

Before this Court are plaintiffs' motion for a partial summary judgment and defendants' suggestions in opposition to the motion. For the reasons set out below, plaintiffs' motion will be denied.

## BACKGROUND

This is a class action lawsuit, brought as a challenge to procedures employed and regulations promulgated by the Secretary of the Department of Health and Human Services. The Department of Health and Human Services is the federal agency responsible for administering the Social Security program and works with state agencies in determining whether a particular applicant is disabled and entitled to Social Security benefits. In June, 1991, this Court certified two classes of plaintiffs. Plaintiffs have filed a motion for partial summary judgment asking this Court to rule in their favor on several issues.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) requires "the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). The burden on the party moving for summary judgment "is only to demonstrate ... that the record does not disclose a genuine dispute on a material fact." *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op,* 838 F.2d 268, 273 (8th Cir.1988). This burden is met once the moving party identifies portions of the record bearing out its assertions. *White v. McDonnell Douglas Corp.,* 904 F.2d 456, 458 (8th Cir.1990).

Once the moving party has met its burden, a party opposing summary judgment may not rest merely upon the allegations in its pleadings. *Green v. St. Louis Housing Au-*

*thority,* 911 F.2d 65, 68 (8th Cir.1990). The burden shifts to the non-moving party to go beyond its pleadings and by affidavit or by "depositions, answers to interrogatories, and admissions on file" show that there is a genuine issue of fact to be resolved at trial. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2553. Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

Summary judgment "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact." *Haas v. Weiner,* 765 F.2d 123, 124 (8th Cir.1985), *cert. denied,* 474 U.S. 981, 106 S.Ct. 386, 88 L.Ed.2d 338 (1985). In ruling on a motion for summary judgment, this Court must view all facts in a light most favorable to the non-moving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. *Robinson v. Monaghan,* 864 F.2d 622, 624 (8th Cir.1989).

This Court must grant summary judgment if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

## ANALYSIS

■ First, plaintiffs ask this Court to find that defendants' policy with regard to obtaining information from an applicant's treating physician is violative of 42 U.S.C. § 423(d)(5)(B) which requires the Secretary to "make every reasonable effort to obtain from the individual's treating physician ... all medical evidence ... necessary...."

## *REGULATION DEFINING "EVERY REASONABLE EFFORT"*

The Secretary has promulgated a regulation that defines "every reasonable effort" as follows:

"Every reasonable effort" means that we will make an initial request for evidence from your medical source and, at any time between 10 and 20 calendar days after the initial request, if the evidence has not been received, we will make one followup re-

quest to obtain the medical evidence necessary to make a determination. The medical source will have a minimum of 10 calendar days from the date of our followup request to reply, unless our experience with that source indicates that a longer period is advisable in a particular case." 20 C.F.R. § 404.1512(d)(1).

Without further explanation, plaintiffs contend that "this regulation is patently insufficient." Doc. # 150, P. 9. Obviously, this Court cannot grant summary judgment and rule that the defendants' regulation is violative of the statute without a convincing argument.

### $15.00 FEE PAID TO COMPENSATE TREATING PHYSICIANS FOR THEIR TIME

■ The Court next turns to plaintiffs' contentions that the $15.00 amount paid to treating physicians to compensate them for time spent responding to the medical information request is insufficient and violative of the statute. Plaintiffs contend that "by paying this pittance, the [defendants are] not making *any* reasonable effort to obtain [the] valuable [treating physician's reports]." As support for this statement, plaintiffs note that Dr. Cramer, who works as a consultant for the state agency, testified when deposed that, "doctors generally know how much they can command in an hour's work, and I don't think $15 is quite generous enough." Plaintiffs also note that an employee of the state agency testified that, more often than not, the agency receives copies of a treating physician's notes and not a narrative report drafted specifically in response to the agency's letter. That employee also stated that some doctors complain that the $15 payment is not enough.

Plaintiff has not convinced this Court that summary judgment is appropriate on this issue. Initially the Court notes that the statute requires the agency to make every reasonable effort to obtain the evidence which is *necessary* for a proper determination. Plaintiff has failed to show that notes from a doctor's file are not sufficient for a proper determination of disability. Further, even if plaintiff could make that showing, plaintiff has not proved that the reason doctors send

notes rather than a narrative report is because they will only be paid $15.00 for their effort.

■ Finally, as plaintiff concedes, a district court in Ohio already has considered this issue and determined that the amount paid as a fee for a treating physician's report is not a proper subject for judicial "second-guessing." *Day v. Sullivan,* 794 F.Supp. 801, 811–12 (S.D.Ohio 1991). In that case, the plaintiff challenged the amount paid for a treating physician's report ($17.50) as violative of 42 U.S.C. § 423(d)(5)(B). The court found that the amount of money paid to treating physicians for a report was one of those "certain policy choices" which "Congress itself did not resolve, or intentionally left to be resolved by the agency ..." and thus the court gave deference to the Secretary on this decision. *Day,* 794 F.Supp. at 811 (quoting *Chevron, U.S.A. v. Natural Resources Defense Council,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984)). The *Day* decision is not binding on this Court, but the reasoning of that opinion is persuasive to this Court and will be followed.

### WEIGHT GIVEN A TREATING PHYSICIAN'S OPINION

■ Plaintiffs next ask this Court to rule that defendants have violated federal law by failing to give appropriate weight to treating physicians' opinions in determining whether an applicant is disabled. Plaintiffs contend that the Secretary's policy with regard to a treating physician's opinion is as follows:

The Secretary has accepted the treating physician's report as conclusive only when everything else in the record supports the decision *and* it is fully supported by objective medical evidence. The Secretary ... will give "some extra weight" to a treating physician's report if it is not "conclusive."

According to plaintiffs, this policy of giving "some extra weight" to a treating physician's opinion is not enough and "flies in the face of ... decisions which have required the Secretary to give substantial weight to the treating physician's report precisely when it is contradicted by the consulting physician's report." It is not clear, but it appears to this Court

that plaintiffs are arguing that a treating physician's opinion should *always* be given *conclusive* effect, regardless of other evidence. This is not an accurate statement of the law, and is not supported by the cases plaintiffs cite.

A treating physician's opinion should be given more weight than a consulting physician's opinion. The fact that a consulting physician expresses an opinion which conflicts with the treating physician's opinion is not enough to negate the impact of the treating physician's opinion, because the treating doctor's opinion has more weight. *Hancock v. Secretary,* 603 F.2d 739 (8th Cir.1979); *Turpin v. Bowen,* 813 F.2d 165 (8th Cir. 1987). Plaintiff has failed to allege and prove that defendants have not followed the law. Thus, plaintiffs' motion for summary judgment on this issue will be denied.

### EVALUATION OF PAIN

■ Plaintiffs next ask this Court to rule that defendants' "regulations and policies [relevant to the evaluation of pain] prior to ... November, 1991 ... were in violation of the Disability Benefits Reform Act and *Polaski v. Heckler.*" To support this contention, plaintiffs cite the regulation which was in effect until November, 1991, and then state "it is axiomatic that this regulation does not comply with the *Polaski* standard...." Unfortunately for plaintiffs, this bald assertion, without more, does not convince this Court that summary judgment is appropriate on this issue. Similarly, plaintiffs' contention that "the Secretary's use of the same old technique to develop disability policy without public input is directly contrary to the DIBRA ..." is not sufficient to justify the granting of summary judgment. Further, plaintiffs' contentions that the existence of SSR 82–58 and 20 C.R.R. § 404.1529 demonstrate that the Secretary has violated relevant Eighth Circuit case law are confusing to this Court. In *Polaski v. Heckler (2),* the Eighth Circuit discussed the terms of the settlement of *Polaski v. Heckler (1)* and stated:

> Our understanding is simply this: The amended statute on pain evaluation requires the Secretary and adjudicators to follow regulation § 404.1529 and ruling SSR 82–58 in evaluating pain until January 1, 1987. Adjudicators are to do so, however, in light of the settlement agreement which recognized that some adjudicators had misinterpreted SSR 82–58. It follows that *all pain cases in the Eighth Circuit currently under evaluation at the administrative or judicial level will be evaluated on the basis of the amended statute, regulation § 404.1529, and ruling SSR 82–58 as clarified by the settlement agreement. Cases filed after this date will be evaluated on the same basis.*

*Polaski v. Heckler (2),* 751 F.2d 943, 950 (8th Cir.1984) (emphasis added).

Plaintiffs' arguments are woefully inadequate and summary judgment will be denied on this issue.

### SUFFICIENCY OF DENIAL NOTICES

■ Finally, plaintiffs contend that the Court should rule, as a matter of law, that the denial notices sent plaintiff Wolbert and other applicants were "illegal." To support this claim, plaintiffs contend that the notices "clearly lead a claimant into believing that he or she may 'reapply at any time' without any adverse consequences ... [and] ... do not say ... that the claim may be barred by *res judicata.*" Plaintiffs cite *Gonzales v. Sullivan,* 914 F.2d 1197 (9th Cir.1990), as support for this contention. In *Gonzales,* the Ninth Circuit considered a notice which contained the following language:

> If you believe that this determination is not correct, you may request that your case be reexamined. If you want this reconsideration, you must request it not later than 60 days from the date you receive this notice. You may make your request through any social security office. If additional evidence is available, you should submit it with your request. Please read the enclosed leaflet for a full explanation of your right to question the determination made on your claim ... If you do request reconsideration of your case within the prescribed time period, you still have the right to file another application at any time.

*Gonzales,* 914 F.2d at 1203. The Ninth Circuit found that this notice was "misleading" in that it "[did] not clearly indicate that if no request for reconsideration is made, the determination is final."

The notice at issue here states:

### YOUR RIGHT TO APPEAL

If you think we are wrong, you can ask that the determination be looked at by a different person. This is called a reconsideration. IF YOU WANT A RECONSIDERATION, YOU MUST ASK FOR IT WITHIN 60 DAYS FROM THE DATE YOU RECEIVE THIS NOTICE. IF YOU WAIT MORE THAN 60 DAYS, YOU MUST GIVE US A GOOD REASON FOR THE DELAY. Your request must be made in writing through any Social Security office. Be sure to tell us your name, Social Security number and why you think we are wrong. If you cannot write to us, call a Social Security office or come in and someone will help you. You can give us more facts to add to your file. However, if you do not have the evidence yet, you should not wait for it before asking for a reconsideration. You may send the evidence in later. We will then decide your case again. You will not meet with the person who will decide your case. Please read the enclosed leaflet for a full explanation of your right to appeal.

If you do not request a reconsideration within the 60-day time limit, you still have the right to file another application at any time. A new application is not the same as an appeal of this determination.

The last sentence apparently was added to the notification after this Court's decision in *Dealy v. Heckler,* 616 F.Supp. 880 (W.D.Mo. 1984). In *Dealy,* this Court found inadequate a denial letter which informed an applicant that she was denied and could request a hearing, but which also stated that if she did not request a hearing she "still had the right to file another application at any time." *Dealy,* 616 F.Supp. at 884. Defendants rely on the last sentence quoted above to distinguish the denial letter at issue here from the one in *Dealy.* However, a review of applica-

ble law makes clear that the denial notice is still inadequate.

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated under all the circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections ... *The notice must be of such nature as reasonably to convey the required information.*

*Mullane v. Central Hanover Bank and Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950) (emphasis added). "Notice should be 'tailored to the capacities and circumstances' of [its] intended recipients." *Goldberg v. Kelly,* 397 U.S. 254, 268–69, 90 S.Ct. 1011, 1021, 25 L.Ed.2d 287 (1970). The problem with the notice in *Dealy* was that it did not inform the recipient that if she did not request a hearing, she might be forever estopped from proving that she was disabled during the period relevant to *that application.* That problem was not eliminated by the addition of a sentence stating, "a new application is not the same as an appeal of this determination." That sentence does not inform the recipient that a failure to appeal now might result in a final determination that they were not disabled during the period relevant to their initial application, and that the failure to appeal now may affect consideration of a new application, if one is eventually filed.

■ The Supplemental Security Income (SSI) denial notice does not suffer from the same defects as the disability benefits denial notice does. The SSI notice tells a recipient that if they think the denial decision is wrong, he or she can ask for a reconsideration within 60 days, just like the disability denial does. However, the SSI notice does not have a section indicating that even if the recipient doesn't appeal the decision now, he or she can file a new application in the future. Instead, the SSI notice urges "if at any time in the future you think you qualify for payment, please contact us right away about filing a new application. This is important to you because we cannot pay you for any day before the day in which you file an

application or the day you meet all the requirements, whichever is later." Thus, the notice distinguishes between procedure to be followed if an applicant wishes to try again to prove that he was disabled during the period relevant to the instant application, and procedure to be followed if the plaintiff decides some time in the future that he has become disabled and entitled to benefits. This is different from the disability notice, which discusses failure to appeal the instant decision and the filing of a new application in the same sentence.

Defendants attempt to convince this Court that plaintiff Wolbert does not have standing to raise the issue of the denial notices because "it is abundantly clear that plaintiff Wolbert was not misled by the notices she received." Further, defendants argue, "the undisputed facts show that plaintiff Wolbert was not injured by the notice she received...." This Court disagrees. Ms. Wolbert was denied, received the defective disability denial notice, and did not appeal the denial. It is not clear to this Court that Ms. Wolbert was not misled by the notice, and the Court does not know how Ms. Wolbert would have proceeded had she received a properly worded denial notice. The fact is, she *was not* given a proper denial notice, thus she was not able to make an informed decision. Plaintiffs' motion for summary judgment on the issue of the disability benefit denial notices will be granted.

Accordingly, based on the foregoing discussion, it is hereby

ORDERED that plaintiffs' motion for partial summary judgment is granted in part and denied in part. The motion is denied on the issues of whether defendants make "every reasonable effort" to obtain information from a treating physician, whether defendants give proper weight to a treating physician's opinion and whether defendants properly evaluate complaints of pain. The motion is granted on the issue of whether the denial notices sent to applicants for Title II disability benefits satisfy due process requirements.