_____

No. 95-2461
_____

Leon King, *
                                         *
        Appellant,                       *
                                         *  Appeal from the United States
    v.                                   *  District Court for the Eastern
                                         *  District of Arkansas.
Shirley S. Chater,                       *
Commissioner, Social Security            *
Administration,                          *
                                         *
        Appellee.                        *

_____

                Submitted:  February 14, 1996

                    Filed:  July 25, 1996
_____

Before BOWMAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

BEAM, Circuit Judge.


    Leon King appeals the district court's[1] dismissal, for lack of
jurisdiction, of his action seeking constructive reopening of a previously
denied claim for social security benefits.  We affirm.


## I.  BACKGROUND


    King filed a claim for social security benefits in 1987, alleging an
onset date of 1985 for back problems and hypertension.  The claim was
denied and King did not appeal.  Five years and five months later he filed
another application alleging the same onset date.  In the meantime, the
regulations for determinations of

_____

    [1]The Honorable H. David Young, United States Magistrate Judge
for the Eastern District of Arkansas, acting with consent of the
parties under 28 U.S.C. § 636(c).

disability with respect to cardiovascular impairments had changed. The Administrative Law Judge (ALJ) reviewed all the medical records and found a disability dating back to 1985.

The ALJ's decision is arguably ambiguous with respect to whether the earlier claim had been reopened, so as to entitle King to retroactive benefits back to 1985. The ALJ first stated "[t]he undersigned observes that more than 4 years has elapsed since the notice of the initial determination, and there is no good cause to reopen this case." Addendum to Brief for Appellant at AD-4. After finding that King was disabled, however, the ALJ stated: "[t]he initial denial determination dated July 29, 1987, is hereby reopened and revised in accordance with the provisions of [the Social Security Act] in order to effectuate this decision." Id. at AD-7. The ALJ awarded benefits, however, as though the case had not been reopened; i.e., retroactive benefits for one year prior to the application.[2]

King sought review by the Appeals Council. He requested reopening and payment on the basis of the 1987 application. The Appeals Council denied review, noting:

> you are not entitled to court review . . . of the Administrative Law Judge's denial of your request for reopening. The Appeals Council notes that the recent revision of provisions in the Listing of Impairments for evaluation of cardiovascular impairments allowed the Administrative Law Judge to consider the issue of disability during the previously adjudicated period. However, this change in the law does not permit reopening and revision of the prior adverse determination.

Appellant's Appendix at 41. King then appealed to the district court. The district court dismissed finding it lacked jurisdiction

---

[2]The Social Security Act allows retroactive benefits for a period of up to one year prior to the date of application. 20 C.F.R. § 404.621(a)(1)(i).

to review a decision not to reopen. <u>King v. Chater</u>, No. J-C-94-313, slip op. at 3-4 (E.D. Ark. May 25, 1995). The district court also found that "constructive reopening would have been impossible in the instant case, since more than four years had passed since the prior denial, and plaintiff was thus beyond the time allowed for reopening for good cause by 20 C.F.R. § 404.988." <u>Id.</u> at 2-3. On appeal, King contends that the district court erred in dismissing his claim for lack of jurisdiction because his claim had been "constructively reopened," thus conferring jurisdiction on the district court.

## II.  DISCUSSION

Absent a colorable constitutional challenge, federal courts generally do not have jurisdiction to review refusals to reopen claims for disability benefits. <u>Califano v. Sanders</u>, 430 U.S. 99, 107-09 (1977). However, there is an exception to this general rule:  where a claim has been reconsidered on the merits, it is properly treated as having been reopened as a matter of administrative discretion. <u>Jelinek v. Heckler</u>, 764 F.2d 507, 508 (8th Cir. 1985). Consequently, the decision is subject to judicial review to the extent that it has been reopened. <u>Id.</u> This is known as a constructive or de facto reopening.

A claim can be reopened for any reason for up to one year after a decision; or may be reopened for good cause for up to four years.[3]  20 C.F.R. § 404.988(a) & (b). Here, the ALJ expressly noted that good cause to reopen King's earlier application did not exist. The ALJ's seemingly contradictory statement can be interpreted to mean that the earlier case was considered only to the extent necessary to effectuate the result of the award of

---

[3]A claim may be reopened at any time for one of eleven fact-specific reasons that do not apply to this case.  20 C.F.R. § 404.988(c)(1)-(11).

benefits; i.e., in order to find that King was disabled on or before the date his insured status expired. We thus conclude that the ALJ did not address the merits of King's earlier claim.

King's claim was reviewed following a change in the regulations relating to heart disease. Although the ALJ considered medical evidence dating back to 1985 and found that King had been disabled in 1985, we believe that he did so only in connection with the 1992 application. Mere consideration of evidence from an earlier application is not considered a reopening of the earlier claim. Boock v. Shalala, 48 F.2d 348, 352 n.4 (8th Cir. 1995). Accordingly, we determine that there has been no de facto or constructive reopening so as to confer jurisdiction on the court.

Alternatively, whether the ALJ considered the earlier claim or not, reopening the case more than four years after the initial denial would exceed the authority of the ALJ. See id. at 352. There can be "no constructive reopening after four years because [the] concept `cannot extend beyond the scope of authority granted under the regulations.'" Id. (quoting Coates v. Bowen, 875 F.2d 97, 101 (7th Cir. 1989)). See also Robinson v. Heckler, 783 F.2d 1144, 1146 & n.3 (4th Cir.), cert. denied, 476 U.S. 1172 (1986). Therefore, regardless of any ambiguity in the ALJ's order, King's earlier claim cannot be reopened because more than four years had elapsed since the initial denial of benefits.

## III.  CONCLUSION

For the reasons stated above, we affirm the district court's dismissal.

A true copy.

Attest:

      CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.