# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-2848

_____

John D. Yeazel,      *

        Appellant,      *

    v.      *    Appeal from the United States
        *    District Court for the
Kenneth S. Apfel, Commissioner,     *    Western District of Missouri.
Social Security Administration,     *
        *
        Appellee.      *

_____

Submitted: April 15, 1998
Filed:   June 23, 1998

_____

Before McMILLIAN, BOWMAN,[1] and MURPHY, Circuit Judges.

_____

BOWMAN, Circuit Judge.

In 1989, John Yeazel applied for Social Security disability benefits. The Commissioner of Social Security denied his application, and Yeazel did not appeal the denial. In 1995, Yeazel filed another application for disability benefits. The Commissioner denied this application on the basis of administrative res judicata,

---

[1]The Honorable Pasco M. Bowman became Chief Judge of the United States Court of Appeals for the Eighth Circuit on April 18, 1998.

concluding that, because the first and second applications raised identical issues,[2] Yeazel's failure to appeal the denial of the 1989 application precluded the 1995 application. Yeazel sought judicial review of the Commissioner's decision in the District Court,[3] but the court dismissed his case for lack of jurisdiction, holding that it could not review a denial of benefits based on res judicata. Yeazel appeals.

The Social Security Act grants federal courts jurisdiction to review the Commissioner's decisions only if those decisions are made after a hearing. See 42 U.S.C. § 405(g), (h) (1994). Accordingly, courts generally lack jurisdiction to review denials of benefits based on res judicata, because such denials are entered without a hearing. See Davis v. Sullivan, 977 F.2d 419, 420 (8th Cir. 1992). Courts may review denials based on res judicata, however, if those denials are challenged on constitutional grounds. See id. Yeazel makes one constitutional argument. He contends that the Commissioner did not adequately apprise him of the consequences of failing to appeal the denial of his 1989 application, thus depriving him of property without due process.

Yeazel did not make this argument to the District Court. He has therefore waived this issue, and we need not address it. See Roth v. G.D. Searle & Co., 27 F.3d 1303, 1307 (8th Cir. 1994). We nevertheless note that this argument is, at any rate, without merit. The notice denying Yeazel's 1989 application stated that:

> You have the right to file a new application at any time, but filing a new application is not the same as appealing this decision. You might lose benefits if you file a new application instead of filing an appeal.

---

[2]Yeazel's eligibility for Social Security disability benefits expired on December 31, 1989. For this reason his 1995 application, like his 1989 application, concerned his medical condition in 1989.

[3]The Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c) (1994).

> Therefore, if you think this decision is wrong, you should ask for an appeal within 60 days.

Social Security Notice of Reconsideration, Administrative Record Exhibit 3. This notice thus informed Yeazel that he risked losing benefits should he fail to appeal and that he ought to appeal if he thought the denial was wrong. Yeazel cites three cases in which a denial notice was found constitutionally inadequate. See Dealy v. Heckler, 616 F. Supp. 880, 887 (W.D. Mo. 1984); Gonzalez v. Sullivan, 914 F.2d 1197, 1203 (9th Cir. 1990); Cuffee v. Sullivan, 842 F. Supp. 1219, 1224 (W.D. Mo. 1993). Each of these cases (none of which is binding on this court), however, involved a notice that simply stated that the applicant either could appeal or could file a new application at any time, and that made no mention whatsoever of the consequences of not appealing. See Dealy, 616 F. Supp. at 881; Gonzalez, 914 F.2d at 1203; Cuffee, 842 F. Supp. at 1224. The notice provided to Yeazel, of course, was entirely different. This notice was discussed briefly in Day v. Shalala, 23 F.3d 1052, 1065, n. 16 (6th Cir. 1994), in which class action plaintiffs challenging the validity of a denial notice different from the one provided to Yeazel conceded that the notice given to Yeazel was perfectly adequate. Yeazel's notice was not misleading or likely to induce an applicant to forego an appeal. We hold that this notice satisfied due process.

Next Yeazel argues that the Commissioner should not have accorded preclusive effect to the denial of his first application, because that denial was entered without a hearing. Yeazel does not contend that this issue involves the Constitution (although he conceivably could have based this argument on the due process clause). Accordingly, the District Court correctly found that it had no jurisdiction to review this issue. See Davis, 977 F.2d at 420. In addition, this argument fails on the merits. Some courts have held that an administrative order entered without a hearing may not have preclusive effect. See Dealy, 616 F. Supp. at 887-88 (citing cases). In this case, however, Yeazel did not receive a hearing solely because he himself elected not to pursue one after his 1989 application initially was denied. For this reason, Yeazel may

-3-

not now complain that he had no hearing.  See Lewellen v. Sullivan, 949 F.2d 1015, 1016 (8th Cir. 1991) (upholding Commissioner's denial of benefits based on res judicata where applicant had failed to appeal the denial without hearing of an earlier application).

In another argument he did not make to the District Court, Yeazel contends that the Commissioner, while reviewing his 1995 application, reconsidered his 1989 application on the merits, thereby reopening the 1989 application.  Because Yeazel waived this argument by failing to raise the issue in the District Court, we need not address it.  In any event, the argument is without merit.  When the Commissioner reconsiders an application on the merits we deem that application to be reopened and thus subject to judicial review.  See Jelinek v. Heckler, 764 F.2d 507, 508 (8th Cir. 1985).  The record shows, however, that the Commissioner did not reconsider the merits of the 1989 application in any way.  To the contrary, the Commissioner simply dismissed Yeazel's 1995 application as res judicata.  In support of his argument, Yeazel points to two statements that the Commissioner made in the notice denying the 1995 application.  In this notice, the Commissioner stated that the 1995 application raised the same issues as  the 1989 application and that if Yeazel were to submit an application raising different issues then res judicata would not apply.  Contrary to Yeazel's argument, however, these statements do not show that the Commissioner reconsidered the 1989 application on its merits; they merely show that the Commissioner looked at the 1989 application long enough to determine that it raised the same issues as the 1995 application and that, therefore, the 1995 application was barred by res judicata.  We hold that the Commissioner has not reopened Yeazel's first application.

Yeazel also has filed a motion in opposition to the administrative record submitted by the Commissioner, contending that the record is incomplete.  The record, however, contains all the material relevant to the issues on this appeal.  Yeazel's motion is therefore denied.

We affirm the judgment of the District Court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.