# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3466

_____

Randall Gray,                    *
                               *

       Appellant,            *

                               *   Appeal from the United States

      v.                       *   District Court for the

                               *   Eastern District of Arkansas.

Kenneth S. Apfel, Commissioner of    *

Social Security Administration,        *        [UNPUBLISHED]

                               *

       Appellee.             *

_____

Submitted: October 4, 2000
Filed: October 10, 2000

_____

Before BEAM, FAGG, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Randall Gray appeals the district court's[1] judgment affirming the Commissioner's denial of his applications for social security disability insurance benefits under 42 U.S.C. § 423 and supplemental security income benefits under 42 U.S.C. § 1381(a).

_____

[1]The Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

After careful consideration of the record and the parties' submissions on appeal, we conclude substantial evidence in the record supports the administrative law judge's finding that Gray's mental impairments did not limit him beyond the levels reflected in the hypothetical to the vocational expert, and thus substantial evidence supports his ultimate conclusion that Gray would not be disabled if he stopped using drugs. See 42 U.S.C. § 423(d)(2)(C) (individual shall not be considered disabled if alcoholism or drug addictions would be contributing factor material to determination of disability; Pettit v. Apfel, 218 F.3d 901, 903 (8th Cir. 2000) (it is claimant's burden to show that alcoholism or drug addiction is not material to his disability); Rehder v. Apfel, 205 F.3d 1056, 1060-61 (8th Cir. 2000) (although decision to deny benefits was not the only tenable one, decision was supported by substantial evidence when ALJ relied on treatment notes, her own credibility determination of claimant's testimony, and consulting opinions, in reaching decision that claimant's illicit drug use was material to disability finding); Mackey v. Shalala, 47 F.3d 951, 953 (8th Cir. 1995) (standard of review). We also conclude that substantial evidence supports the ALJ's conclusion that Gray's groundskeeping position constituted past relevant work. See 20 C.F.R. §§ 404.1565(a), 416.965(a) (2000); Reeder v. Apfel, 214 F.3d 984, 989 (8th Cir. 2000). We do not consider Gray's argument, made for the first time on appeal, that the record "strongly suggests" he has a bipolar disorder of listing-level severity. See Yeazel v. Apfel, 148 F.3d 910, 911-12 (8th Cir. 1998).

Accordingly, we affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.