**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

**No. 00-30065**

---

**NELSON GUILLORY ESTATE,**

**Plaintiff-Appellant,**

**v.**

**KENNETH S. APFEL,**
**COMMISSIONER OF SOCIAL SECURITY,**

**Defendant-Appellee.**

---

Appeal from the United States District Court for the
Western District of Louisiana
Civil Docket 99-CV-110

---

November 16, 2000

Before JOLLY, JONES, and SMITH, Circuit Judges.

EDITH H. JONES, Circuit Judge:[*]

      The Estate of Nelson Guillory ("Guillory") appeals from the district court's dismissal for lack of subject-matter jurisdiction. Guillory seeks judicial review of the Social Security Administration's ("SSA") determination of his disability insurance benefits. Guillory asserts that an Administrative Law Judge constructively reopened a prior denial of his benefits when the ALJ determined that the onset date of his disability was 1983.

---

[*]    Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

He contends that this reopening resulted in a final decision appropriate for judicial review. This court finds that there was no de facto reopening. Without reaching the issue whether there would be subject-matter jurisdiction if there had been a de facto reopening, we affirm the district court's dismissal.

## I. FACTS AND PROCEDURAL HISTORY

This case comes before us after an "extraordinary and unnecessarily tortured" past. Guillory v. Chater, No. 95-31195 (5th Cir. June 18, 1996). Nelson Guillory, now deceased, filed an application for disability insurance benefits with the Social Security Administration in November of 1985, alleging an onset date of August, 1983. His initial application was denied by the Commissioner in February, 1986. At that time, no further appeal was taken.

Guillory filed a second application for disability insurance benefits on April 30, 1990 which was denied both initially and on reconsideration. After Guillory requested a review of the denial, a favorable decision was rendered by an ALJ on May 23, 1991. The ALJ found that Guillory "met the disability insured status requirements of the Act on August 27, 1983, the date that claimant stated he became unable to work, and continued to meet them through March 31, 1990." The ALJ decided that "based on the application filed on April 30, 1990," Guillory was entitled to a "period of disability" beginning in August of 1983, and to

2

"disability insurance benefits" under sections 216(i) and 223 of the Social Security Act. There was no reference to the 1985 application in the ALJ's decision.

On July 24, Guillory was notified by SSA that he was entitled to monthly disability benefits beginning April 1989. The notice did not explain why the award began from 1989 and not 1983. Rather, it stated that "[t]his action supersedes our previous determination and is in accordance with the decision of the Administrative Law Judge." In addition, it advised Guillory that he could ask for a reexamination of his case within sixty days of the date he received the notice. On August 6, 1991, Guillory, in a three paragraph letter from his attorney, requested reconsideration "in connection with the notice," asserting that the determination was incorrect and that because "a de facto reopening of his earlier application for benefits [had] occurred," he was due additional benefits. The letter stated only that Guillory was requesting reconsideration of the notice; it made no mention of an appeal to the ALJ's decision.

The delay that followed can only be attributed to SSA's neglect. The agency did not respond until December, when it sent Guillory a letter incorrectly stating that Guillory's request was untimely because it was not sent within sixty days of the May decision. As Guillory had made clear, however, he was appealing the July 24 notice. Guillory's attorney immediately sent a letter

3

clarifying the agency's misunderstanding. The following month, the agency informed Guillory that it noted the error and was forwarding his request for reconsideration to his local Social Security office. Guillory heard from the Appeals Council one year later in February of 1993 at which time the council repeated the agency's error, finding that the request for review had not been timely filed. Moreover, the council acknowledged Guillory's letter of December 12 but found that there was no good cause to extend the time for filing and dismissed Guillory's request for review. In the same order, the Appeals Council addressed the issue of reopening. However, rather than considering Guillory's argument that the earlier application was de facto reopened, the council treated Guillory's letter as a "request for reopening of the final determination made in connection with a prior claim." As such, the council found that reopening was precluded because the "request" was not timely made within four years of the prior claim filed in November 1985. Finally, the council once again notified Guillory that his case was being forwarded to the local social security office to take action on the request for reconsideration of the July 1991 notice.

Guillory filed a civil action in April of 1994 seeking judicial review of the council's order. According to Guillory's complaint, he made repeated requests for information both prior to and after the 1993 order but with limited success. In addition,

4

Guillory averred that "his November 1985 claim was reconsidered on the merits by the administrative law judge" at the 1991 hearing and "was reopened as a matter of administrative discretion." In August of 1995, the magistrate judge recommended that Guillory's claim be dismissed without prejudice because he had not exhausted his administrative remedies. The district court subsequently adopted the recommendation of the magistrate judge and this court affirmed in June 1996. We noted, however, the "extraordinary nature of the Administrator's treatment of this case" and stated that "[w]e are confident that the Administrator will process the plaintiff's claims with the speed to which he is by now surely entitled."

Separate from the litigation, Guillory finally received a letter from the local social security office in January of 1995 stating that his request to reopen the prior claim was denied because it was made over four years after the initial determination. This letter did not address Guillory's claim of a de facto reopening. That September, the SSA issued a second notice of reconsideration, stating that the initial determination could not be reopened under the rules of administrative finality. Although this reconsideration did not address the de facto reopening argument, it stated that the ALJ had "substituted his judgment in establishing the date of onset in the second claim" in compliance with SSA regulations. Moreover, it pointed out that there was "no mention of the prior claim" in the ALJ's decision.

5

It also explained that the ALJ's judgement was effectuated with a date of entitlement of April 1989 because that was the twelve month retroactivity of the 1990 claim.

Guillory then requested another hearing before an ALJ to review the September 21, 1995 denial. Despite the fact that Guillory's attorney made the same de facto reopening argument at the hearing, the ALJ stated that the issue to be decided was whether the 1985 application could be reopened. In December of 1996, the ALJ found that it could not be reopened and, again, failed to address Guillory's argument that it *had* been reopened.

Guillory therefore sought review from the Appeals Council. The Appeals Council granted review without oral argument. In November 1998, the Appeals Council finally issued a decision addressing the implied reopening issue. The Appeals Council denied Guillory relief, stating that the ALJ's 1991 decision did not address the issue of reopening and that there was no basis for concluding that he implicitly reopened the earlier application. The Appeals Council also held that any reopening was barred by administrative regulations, because Guillory's current application was filed on April 30, 1990, more than four years after the notice of determination whose reopening is asserted, and thus beyond the administrative time limits 20 C.F.R. § 404.988, § 404.989. This decision came seven years after Guillory first raised the issue.

6

In the interim, Guillory died in April of 1997. Guillory's estate commenced this action in January of 1999 seeking judicial review of the Appeals Council's determination that there had been no de facto reopening. The defendant filed a motion to dismiss contending that the court lacked subject matter jurisdiction. In October of 1999, the magistrate judge issued a report and recommendation concluding that, pursuant to 42 U.S.C. § 405(g) and Califano v. Sanders, 430 U.S. 99, 97 S.Ct. 980 (1977), judicial review of "the Secretary's denial of a motion to reopen a claim lies only where a colorable constitutional question is at issue." Id. at 985. Because the plaintiff failed to present a constitutional claim, the magistrate judge found that there was no jurisdiction over the matter and recommended that the plaintiff's complaint be dismissed. The district court adopted the magistrate court's report and recommendation, dismissing the complaint. Guillory appeals.

## II.  ANALYSIS

An individual may obtain judicial review in a federal district court of "any final decision of the Commissioner of Social Security made after a hearing to which he was a party...." 42. U.S.C. § 405(g). The court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner...." Id. Whether a

7

federal court has subject matter jurisdiction depends upon what constitutes a "final decision made after a hearing."

The Supreme Court and this circuit have made clear that a denial of a request to reopen an agency determination is not a "final decision" for the purposes of federal jurisdiction. Califano v. Sanders, 430 U.S. 99, 97 S.Ct. 980 (1977). This court, in Torres v. Shalala, 48 F.3d 887 (1995), applied Califano and held that, absent a colorable constitutional question, it would not review a Secretary's denial of a motion to reopen a claim.[2] Neither Torres nor Califano specifically addressed whether a federal court lacks subject matter jurisdiction in cases where there has been a "de facto" reopening, since both involved denials of reopening. As will be seen, however, the rule of those cases applies here.

Guillory contends that the ALJ constructively reopened his 1985 application and then made a final determination that Guillory was entitled to receive retroactive benefits from 1983. This decision, Guillory argues, constitutes a final decision for the purposes of federal jurisdiction.

There are three obstacles to Guillory's position: First, the appeals Council reviewed the ALJ decision and found not only that no de facto reopening actually occurred, but that reopening of

---

[2] Guillory raises no constitutional issue.

any sort was barred by the time limits in the administrative regulations.

Second, the courts in similar cases have concluded that where, as here, an ALJ decision in the applicant's second case made no mention of the first application but simply arrived at an early onset date that was arguably consistent with the first (administratively denied) applications, no de facto reopening had occurred.  See King v. Charter, 90 F.3d 323, 324 (8th Cir. 1996); Coates v. Bowen, 875 F.2d 97, 99 (7th Cir. 1988).[3]

Third, as these other decisions explain, administrative reopenings of any kind must occur within four years of the initial decision denying coverage, subject to exceptions not relevant here. See King, 90 F.3d at 325; Coates, 875 F.2d at 99-101.  This is true because, as Califano and Torres have explained, the opportunity for reopening is afforded by the regulations, and the Commissioner may restrict the conditions of reopening.  Without such restrictions, the administrative time limit for appeals would become meaningless. Moreover, because administrative law judges lack authority to deviate from the regulations' time limits, de facto reopening must also occur within such periods.  Coates, id.

---

[3]    The only slight reference to a previous decision was a statement in the July 1991 "Notice of Award" that "[t]his action supersedes our previous determination and is in accordance with the decision of the Administrative Law Judge."  However, there is no other mention of the previous determination and no indication that it had been reviewed.

For these reasons, Guillory's reliance on <u>Brown v. Sullivan</u>, 932 F.2d 1243 (8th Cir. 1991), is misplaced. In <u>Brown</u>, the second claim was filed within four years of the initial denial. Moreover, the Eighth Circuit found that there had been a constructive reopening because both applications claimed the same onset date and impairments. A review of the second application necessarily included a review of the merits of the first application, even though the second review made no mention of the previous application. <u>Id</u>. at 1246. Most important, the denial notice that the claimant received following reconsideration of his second application explicitly referenced the previous decision. No similar reference was made in the instant case.

### III. CONCLUSION

The district court's dismissal was based on its understanding that Guillory was seeking judicial review of the agency's denial of a motion to reopen a claim. Although that approach mischaracterized Guillory's position, the relevant authorities nevertheless compel the conclusion that the court lacked jurisdiction over the issue of an out-of-time, de facto reopening. We therefore affirm the dismissal on other grounds.

**AFFIRMED.**