# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 02-1367

_____

| | | |
|---|---|---|
| Mary Outlaw, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Arkansas. |
| Jo Anne B. Barnhart, Commissioner, | * | [UNPUBLISHED] |
| Social Security Administration, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted:  July 5, 2002

Filed:  July 9, 2002

_____

Before WOLLMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Mary Outlaw appeals the district court's[1] order dismissing for lack of jurisdiction her complaint seeking review of the Commissioner's denial of disability insurance benefits.  We affirm.

_____

[1]The Honorable Bobby E. Shepherd, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

The Commissioner rejected Outlaw's 1997 benefits claim, finding that it was by then too late to reopen a 1989 adverse determination, and that administrative res judicata barred consideration of the new application. After Outlaw sought judicial review under 42 U.S.C. § 405(g), the district court determined that it lacked jurisdiction to review the propriety of the Commissioner's res judicata-based denial. On appeal, Outlaw argues that giving res judicata effect to her 1989 application was inappropriate and a denial of due process because (1) the file concerning the 1989 determination has not been located, (2) the Social Security Administration (SSA) constructively reopened the 1989 determination by considering her present application on the merits, (3) new and material evidence was submitted in connection with the present application, and (4) she did not receive a hearing in connection with the 1989 determination.

After carefully reviewing the record, see Boock v. Shalala, 48 F.3d 348, 351 & n.2 (8th Cir. 1995) (de novo standard of review), we agree with the district court that it lacked jurisdiction. This court has recognized only two exceptions to the general rule precluding judicial review of the Commissioner's decisions denying applications on the basis of administrative res judicata. See Yeazel v. Apfel, 148 F.3d 910, 911-12 (8th Cir. 1998). We conclude that neither exception applies here. First, we do not believe that the Commissioner could constructively reopen Outlaw's 1989 determination. See King v. Chater, 90 F.3d 323, 325 (8th Cir. 1996) (no constructive reopening may occur after time period for reopening has elapsed under regulations); 20 C.F.R. §§ 404.988(b)-(c), 416.1488(c) (2001) (setting forth applicable time periods for reopening). Second, Outlaw has not presented a colorable constitutional claim. See Boock, 48 F.3d at 352. The existence of a 1989 adverse determination--despite the missing file--was supported by the record as a whole, and Outlaw was given an opportunity to present any conflicting evidence. See Dusenberry v. United States, 122 S. Ct. 694, 699 (2002) (due process analysis). Further, due process did not require the Commissioner to hold a hearing on the 1989 denial before giving it preclusive effect, see Yeazel, 148 F.3d at 912 (recognizing preclusive effect of

unappealed SSA determinations issued without hearing; claimant cannot complain of due process violation from lack of hearing if she elected not to pursue one), or to consider new evidence some eight years after the 1989 determination.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.