**Patricia Turner KEPHART, Plaintiff—Appellant,**

v.

**Kenneth APFEL, Commissioner of Social Security, Defendant— Appellee.**

No. 01–35695.

D.C. No. CV–00–00365–CI.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 5, 2002.

Decided Aug. 19, 2002.

1015, 1020 (9th Cir.2001).

Before NOONAN, HAWKINS and GOULD, Circuit Judges.

## MEMORANDUM *

Appellant Patricia Kephart ("Kephart") appeals the district court's summary judgment rejecting her Due Process and stat-

utory claims against the Commissioner of Social Security ("Commissioner"), arising out of the Commissioner's refusal to reopen Kephart's 1991 claim for Social Security Disability Insurance benefits. Kephart's claims are based on the alleged constitutional and statutory defects in the notice denying reconsideration of her original claim.

We review a summary judgment de novo, but must affirm the Commissioner's denial of disability benefits if the findings are supported by substantial evidence and the correct legal standards were applied. *See Gonzalez v. Sullivan,* 914 F.2d 1197, 1200 (9th Cir.1990).

Kephart has a property interest in receiving disability benefits. *See id.* at 1203. As such, she cannot be deprived of that interest without due process of law. *See* U.S. Const. amend. V; *Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). Due Process rights can be violated by a notice that is "misleading [such] that it introduces a high risk of error into the disability decisionmaking process.... One of the fundamental requirements of procedural due process is that a notice must be reasonably calculated to afford parties their right to present objections." *Gonzalez,* 914 F.2d at 1203 (citations omitted). Kephart claims that the notice she received, which had been adopted partially in response to the *Gonzalez* decision, was constitutionally deficient because it failed to fully inform her of the consequences of not appealing the decision.

■ "In assessing what process is due[,] ... substantial weight must be given to good-faith judgments of the individuals charged by Congress with the admin-

istration of social welfare programs that the procedures they have provided assure fair consideration of the entitlement claims of individuals." *Mathews,* 424 U.S. at 349. "[A]ny procedural requirements beyond those demanded by rudimentary due process" should not be imposed. *Goldberg v. Kelly,* 397 U.S. 254, 267, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). In this case, although far from perfect, the notice denying reconsideration of Kephart's claim was not constitutionally deficient. It adequately explained, in lay terms, the *res judicata* consequences of failing to file an appeal and was "reasonably calculated to afford parties their right to present objections." *Gonzalez,* 914 F.2d at 1203; *see also Yeazel v. Apfel,* 148 F.3d 910 (8th Cir.1998).

■ Kephart also claims mandamus jurisdiction based on the statutory deficiency of the same notice. Like the district court, we do not believe that, in this case, the statutory notice requirements are any different from the constitutional requirements enunciated in *Gonzalez.*

■ Finally, Kephart claims that the district court erred in accepting the ALJ's finding that Kephart's mental state was such that she could not understand the notice provided with the denial of reconsideration. The district court had substantial evidence to support its determination that Kephart was mentally fit to understand the notice: a 1992 psychiatric examination and the fact that Kephart was able to pursue a workers' compensation claim at the same time that she was allegedly unable to pursue an administrative appeal.

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. R. 34(a)(2).

For the reasons stated above, the judgment of the district court is AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.