# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2039
_____

Randy P. Rumsey,                            *
                                            *
            Appellant,                      *
                                            *   Appeal from the United States
      v.                                    *   District Court for the
                                            *   Western District of Arkansas.
Jo Anne B. Barnhart,                        *
Commissioner of Social Security,            *         [UNPUBLISHED]
                                            *
            Appellee.                       *

_____

Submitted: November 6, 2002

Filed:  November 12, 2002
_____

Before MORRIS SHEPPARD ARNOLD, BEAM, and RILEY, Circuit Judges.
_____

PER CURIAM.

Randy P. Rumsey appeals from the district court's[1] dismissal, for lack of jurisdiction, of his petition for review of an agency determination that his claim for disability insurance benefits was barred by administrative res judicata.  We affirm.

---

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas, adopting the Report and Recommendation of the Honorable Beverly Stites Jones, United States Magistrate Judge.

A federal district court's jurisdiction to review decisions regarding disability benefits is governed by 42 U.S.C. § 405(g).  That section provides for review only of a "final decision of the Commissioner . . .  made after a hearing."  An agency's application of res judicata[2] or refusal to reopen a prior determination is not a "final decision" within the meaning of section 405(g).  King v. Chater, 90 F.3d 323, 325 (8th Cir. 1996).  But there is a narrow exception where the Commissioner reconsiders the merits of an application previously denied.  Id. (citing Jelinek v. Heckler, 764 F.2d 507, 508 (8th Cir. 1985)).  Such a claim is treated as having been reopened as a matter of administrative discretion and is, therefore, subject to judicial review to the extent it has been reopened.  Id.

The Commissioner dismissed Rumsey's current application for disability insurance benefits as duplicative of an earlier, unsuccessful claim that alleged the same disability.  After a hearing, an Administrative Law Judge ("ALJ") dismissed Rumsey's present claim as barred by the final decision in his earlier claim.  The ALJ did not consider the merits of the earlier claim, but, as the district court noted, merely "made a threshold inquiry into the facts and evidence of the previous application to determine if the regulatory requirements for reopening the previous claim had been met."  Because the ALJ did not reopen Rumsey's earlier claim, and because its dismissal for res judicata was not a "final decision" within the purview of 42 U.S.C. § 405(g), we have no jurisdiction to review it.  We affirm the judgment of the district court.

---

[2]Under the Commissioner's regulations, a request for a hearing may be dismissed as precluded by the doctrine of res judicata.  20 C.F.R. § 404.957(c)(1). And this court has endorsed the application of res judicata in an administrative context.  Rush v. Sec'y of Health and Human Servs., 738 F.2d 909, 914 (8th Cir. 1984).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.