# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1201

_____

Oletha Mousseau,

          Appellant,

    v.

Jo Anne B. Barnhart, Commissioner of
Social Security,

          Appellee.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  District of South Dakota.
\*
\*  [UNPUBLISHED]
\*
\*

_____

Submitted: December 7, 2004
Filed: December 22, 2004

_____

Before BYE, MELLOY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Oletha Mousseau appeals the district court's[1] order affirming the denial of disability insurance benefits (DIB) on her September 2000 application alleging disability since January 1991 from arthritis and heart problems. Upon careful review, see Stormo v. Barnhart, 377 F.3d 801, 805 (8th Cir. 2004), we affirm.

_____

[1]The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

Mousseau had applied for benefits in 1992, similarly alleging disability since January 1991 from heart disease and arthritis; benefits were denied in a final August 31, 1994 agency opinion. After Mousseau filed the instant application, she requested reopening of the prior application, and an administrative law judge (ALJ) stated he had no authority to do so. The ALJ noted that the period now at issue was from September 1, 1994 (the day after the previous adverse decision) to December 1996 (the date Mousseau was last insured for purposes of DIB), and determined that Mousseau's coronary artery disease, osteoarthritis, diabetes, tarsal tunnel syndrome, and hypertension were severe, but not of listing-level severity either alone or combined; her subjective allegations were not entirely credible; and her residual functional capacity (RFC) did not preclude performance of her past relevant work as a village coordinator and court clerk.

On appeal, Mousseau argues that the ALJ erred in not reopening her prior application, and that the agency had constructively reopened it by reviewing medical records related to it. We disagree. First, we see no indication that the prior application was reconsidered on its merits. See Boock v. Shalala, 48 F.3d 348, 352 n.4 (8th Cir. 1995) (mere allowance of evidence from earlier application, without more, cannot be considered reopening as to merits). Second, the prior application was denied on August 31, 1994, and Mousseau did not file the instant DIB application until more than 4 years later, in September 2000. See King v. Chater, 90 F.3d 323, 325 (8th Cir. 1996) (there can be no constructive reopening after 4 years, because reopening more than 4 years after initial denial would exceed ALJ's authority); 20 C.F.R. §§ 404.988, 416.1488 (2004) (requirements for reopening). Third, Mousseau does not assert a constitutional violation relating to the ALJ's refusal to reopen her prior application. Thus, we lack jurisdiction to consider the ALJ's refusal to reopen. See King, 90 F.3d at 325 (federal courts lack jurisdiction to review refusals to reopen unless there is colorable constitutional challenge, or claim has been constructively reopened).

Mousseau also argues that the ALJ failed to consider her obesity in combination with her other impairments and in determining her RFC. This argument lacks merit. Among other things, because Mousseau did not allege obesity as a basis for disability in her applications or at the hearing, the ALJ was not required to consider it in determining her RFC. See Gregg v. Barnhart, 354 F.3d 710, 712-13 (8th Cir. 2003) (ALJ is not required to investigate claim not presented at time of benefits application and not offered at hearing as basis for disability); cf. Social Security Ruling 02-01p, 2000 WL 628049, at *7 (Social Security Administration, Sept. 12, 2002) (when obesity is identified as medically determinable impairment, functional limitations associated with it must be considered when determining RFC).

Mousseau further challenges the ALJ's RFC findings by contending he should have included limitations related to her arthritic hands. We reject this argument as well. The ALJ gave good reasons for finding not entirely credible Mousseau's subjective allegations concerning her hands. See Gregg, 354 F.3d at 714 (if ALJ explicitly discredits claimant, and gives good reasons for doing so, this court will normally defer to credibility findings); Riggins v. Apfel, 177 F.3d 689, 692 (8th Cir. 1999) (there is no doubt claimant is experiencing pain, but real issue is severity of pain). The objective medical evidence also did not support Mousseau's subjective complaints as to her hands: examinations revealed only minor swelling of the proximal finger joints, cartilagenous or bony nodes near her finger joints, or tenderness of a proximal finger joint or the left wrist; and x-rays showed only minimal spurring in her finger joints. Thus, the ALJ's RFC findings are supported by substantial evidence, including a reviewing physician's RFC findings. See Stormo, 377 F.3d at 807 (RFC evidence includes medical records, observations of treating physicians and others, and claimant's own description of limitations).

Mousseau's remaining arguments provide no basis for reversal. Accordingly, we affirm.

_____

-3-