Jenkerson v. SSA                    CV-07-217-PB   09/30/08

### UNITED STATES DISTRICT COURT FOR THE
### DISTRICT OF NEW HAMPSHIRE

**Richard Jenkerson**

    **v.**                                      Civil No. 07-cv-217-PB
                                                    Opinion No. 2008 DNH 177
**Michael J. Astrue, Commissioner**
**Social Security Administration**


### MEMORANDUM AND ORDER

Richard Jenkerson filed a complaint seeking review of the Commissioner's decision not to reopen the determinations denying his previous applications for social security benefits. He alleges that the decision not to reopen violated his Fifth Amendment due process rights and that the Administrative Law Judge ("ALJ") constructively reopened his applications and issued a final decision on the merits. The Commissioner moves to dismiss for lack of subject matter jurisdiction.


### I.   BACKGROUND

Jenkerson, proceeding pro se, filed applications for Social Security disability benefits in April 1996 and November 1997, which were denied by determinations issued on June 27, 1996 and April 23, 1998, respectively. The notice sent with the June 27, 1996 determination informed Jenkerson that the Social

Security Administration had determined that he was not entitled to disability benefits but that he could appeal that decision. The notice included a section on the right to appeal and a section on obtaining help with an appeal. Jenkerson did not seek reconsideration. Nor did he file an appeal.

On March 17, 2005, counsel filed a new application for disability benefits on Jenkerson's behalf, asserting a disability date of July 12, 1995, and seeking to reopen and revise the prior determinations issued on June 27, 1996 and April 23, 1998. The ALJ granted the new application for benefits, with a disability onset date of May 1, 1998, and denied the request to reopen the prior determinations. The ALJ concluded that Jenkerson failed to show a basis for reopening under 20 C.F.R. § 404.988(c) and failed to show good cause for extending the time to request review based on mental incapacity as provided in Social Security Ruling 91-5p ("SSR 91-5p"). Jenkerson requested Appeals Council Review, which was denied.

## II.  <u>STANDARD OF REVIEW</u>

A motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) is first evaluated to determine whether the facts relevant to the jurisdictional issue are intertwined with the merits of the plaintiff's claim.

Torres-Negron v. J & N Records, LLC, 504 F.3d 151, 163 (1st Cir. 2007). If facts material to the jurisdictional question are also material to the merits of the cause of action, the court uses the summary judgment standard for the motion to dismiss. Id. On the other hand, if the jurisdictional issue does not depend on facts that are intertwined with the merits of a claim, the court can weigh the evidence to decide whether it has jurisdiction. Id.; see also McCulloch v. Velez, 364 F.3d 1, 6-7 (1st Cir. 2004).

## III. DISCUSSION

The Commissioner contends that: (1) this court lacks subject matter jurisdiction under 42 U.S.C. § 405(g) to consider Jenkerson's request for review of the decision not to reopen the determinations on his previous claims for benefits; (2) Jenkerson lacks a colorable constitutional claim; and (3) no constructive reopening occurred. Jenkerson acknowledges that the court lacks jurisdiction to review a decision not to reopen on the merits but argues that jurisdiction exists to consider his constitutional challenges. He also argues that the ALJ constructively reopened his prior applications by considering them on the merits.

Courts have jurisdiction to review only final social security decisions. 42 U.S.C. § 405(g). A discretionary decision not to reopen a prior determination is not a final

3

decision. Califano v. Sanders, 430 U.S. 99, 107-09 (1977); Dudley v. Sec'y of Health & Human Servs., 816 F.2d 792, 795 (1st Cir. 1987); Stewart v. Astrue, 532 F. Supp. 2d, 243, 245 (D. Mass. 2008). An exception exists, however, if the claimant challenges the decision on colorable constitutional grounds. Califano, 430 U.S. at 109; Klemm v. Astrue, --- F.3d ---, 2008 WL 4210589, at *4 (9th Cir. Sept. 16, 2008).

## A.  Due Process Claims

Jenkerson asserts that the decision denying his application to reopen violated his Fifth Amendment due process rights in two respects. First, he contends that the notice he received, dated June 27, 1996, denying his application filed in April of 1996, did not adequately inform him of the consequences of failing to seek reconsideration or appeal and instead led him to believe that reapplication was an alternative to filing an appeal. His second due process claim is that he lacked the mental capacity to appeal and the ALJ failed to properly consider the requirements of SSR 91-5p. I address each argument in turn.

### 1. Notice

In support of his claim that the notice he received in 1996, denying his application, was constitutionally deficient, Jenkerson relies on Gonzalez v. Sullivan, 914 F.2d 1197, 1203 (9th Cir. 1990), which held that a denial notice was

4

constitutionally inadequate because it misleadingly equated appeal with reapplication and failed to inform the applicant about the appeal process. The defective notice stated: "If you do not request reconsideration of your case within the prescribed time period, you still have the right to file another application at any time." Id.

A colorable constitutional claim need not be substantial to support jurisdiction, "but the claim must have some possible validity." Mehilli v. Gonzales, 433 F.3d 86, 94 (1st Cir. 2005). In the context of jurisdiction to review a Social Security determination, "[a] constitutional claim is colorable if it is not wholly insubstantial, immaterial, or frivolous." Klemm, 2008 WL 4210589, at *4 (internal quotation marks omitted). A colorable due process claim, based on Gonzalez, must show that the claimant received a deficient notice and that he detrimentally relied on the notice. Stewart, 532 F. Supp. 2d at 246.

Because the jurisdictional standard, requiring a colorable claim, is intertwined with the merits of Jenkerson's due process claim, it is reviewed under the summary judgment standard. The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A party opposing a

5

properly supported motion for summary judgment must present competent evidence of record that shows a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). All reasonable inferences and all credibility issues are resolved in favor of the nonmoving party. See id. at 255.

Jenkerson submitted a copy of the June 27, 1996 notice to support his claim. The 1996 notice, however, does not include the language used in the notice found to be constitutionally deficient in Gonzalez. In fact, the Social Security Administration amended its notices in 1989 to remedy the defective language found in Gonzalez. Stewart, 532 F. Supp. 2d at 246. Notices dated after February of 1990 are presumed to be constitutionally valid. Id. at 247.

Jenkerson has not identified what language in the 1996 notice he claims was constitutionally deficient. Nothing in the notice equates an appeal with reapplication, as was the case in the previous version of the notice that was found to be constitutionally deficient. Instead, the notice explains the process for filing an appeal and explains that a claimant can get help in filing an appeal.

As presented, the record does not show a factual dispute to support Jenkerson's claim that he received a constitutionally deficient notice. Therefore, Jenkerson provides no basis for his

6

claim that the 1996 notice violated his Fifth Amendment due process right. As his claim is not colorable, the court lacks jurisdiction to consider it.

 2. Social Security Ruling 91-5p

Jenkerson also contends that his due process rights were violated because his mental impairments prevented him from seeking review of his prior applications and that the ALJ failed to properly consider the medical evidence relevant to his claim under the requirements of SSR 91-5p. "An allegation of mental impairment can form the basis of a colorable constitutional claim if the mental impairment prevented the claimant from understanding how to contest the denial of benefits." Klemm, 2008 WL 4210589, at *5. An allegation of mental impairment during the time for filing an appeal and when a claimant was not represented is sufficient to state a colorable claim for jurisdictional purposes. Evans v. Chater, 110 F.3d 1480, 1483 (9th Cir. 1997).

Jenkerson has alleged a colorable claim, that he suffered from a mental impairment during the time for appealing the two prior decisions while he was not represented by counsel. Therefore, the court has jurisdiction to consider whether substantial evidence supported the ALJ's determination under SSR 91-5p that Jenkerson had sufficient mental capacity to appeal the

prior decisions.  See Udd v. Massanari, 245 F.3d 1096, 1100 (9th Cir. 2001).

B.    **Constructive Reopening**

Alternatively, Jenkerson asserts that the ALJ constructively reopened his prior applications by considering the evidence raised in the applications on the merits.  Contrary to Jenkerson's interpretation, the ALJ's decision does not show or even suggest that he considered the prior applications on the merits.  In addition, when four years have elapsed since the denial of an application for benefits, an ALJ cannot reopen the application, constructively or otherwise, unless 20 C.F.R. § 404.988(c) applies.  See King v. Chater, 90 F.3d 323, 325 (8th Cir. 1996).  Jenkerson does not contend that his case falls within one of the circumstances described in § 404.988(c).

## IV.   CONCLUSION

For the foregoing reasons, the Commissioner's motion to dismiss (Doc. No. 4) is denied as to Jenkerson's claim that his Fifth Amendment due process rights were violated because he was unable to file a timely appeal due to his mental impairment, but is granted as to Jenkerson's claims that his due process rights were violated by the form of the June 1996 notice and his request for review of the Commissioner's determination as a final

8

decision.

The case shall proceed under Local Rule 9.1 to address the single remaining due process claim. All further proceedings shall be referred to the Magistrate Judge for report and recommendation.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

September 30, 2008

cc:  Jeffry A. Schapira, Esq.
     Gretchen Leah Witt, Esq.