'David J. Fakourey

*v.*

Workmen's Compensation Commissioner *and* City of

Huntington

(No. 14302)

Decided July 17, 1979.

As Amended on Denial of Rehearing Oct. 4, 1979.

*Kathleen Strasbaugh*, for appellant.

*W. Dan Egnor*, for appellees.

Per Curiam:

By order entered May 31, 1978, the Workmen's Compensation Appeal Board affirmed a decision of the Workmen's Compensation Commissioner terminating the claimant, David J. Fakourey's, entitlement to temporary

total disability benefits effective as of February 15, 1977. In this appeal the claimant contends:

1. The evidence adduced in the case does not support a finding that he had reached maximum recovery on February 15, 1977; the Commissioner, therefore, erred in holding that he was no longer entitled to temporary total disability benefits; and

2. The Appeal Board and the Commissioner erred in failing to examine him closely on his lack of legal representation and in failing to advise him of the benefits of such representation.

The record in this case discloses that in November 1974, the claimant sustained a low back injury when the meter buggy, which he was operating for the City of Huntington, was struck by another vehicle.

The claimant returned to work in April 1975. Between the time of his accident and his return to work he collected temporary total disability benefits.

In September 1975, the claimant, complaining about his low back, again stopped working. At that time temporary total disability benefits were reinstated.

On August 17, 1976, Dr. Robert L. Mattill, the claimant's treating physician, reported:

> "Mr. Fakourey has been disabled since 9/12/75 and remains disabled at this time, and will be disabled another one or two months time. Attention to his compensation will be appreciated."

More than one year later, after the employer had protested the payment of additional temporary total disability benefits, the Commissioner referred the claimant to Dr. James A. Heckman, an orthopedic surgeon, for evaluation. On February 15, 1977, Dr. Heckman, after examining the claimant, reported, in part:

> "In summary, this examiner can find no objective findings to substantiate this patient's continued subjective complaints. It is almost unbelievable that a 28 year old white male would

have missed work for two years on the basis of the present findings.

"It is the opinion of this examiner that this patient has no permanent disability as a result of the injury."

After receiving the report of Dr. Heckman, the Workmen's Compensation Commissioner, on August 15, 1977, entered an order terminating the claimant's temporary total disability benefits effective as of February 15, 1977 (the date of Dr. Heckman's report).

By order dated May 31, 1978, the Workmen's Compensation Appeal Board affirmed the Commissioner's decision.

We note that throughout the proceedings before the Workmen's Compensation Commissioner the claimant apparently represented himself even though a Huntington law firm made inquires in his behalf. Also, until May 1978, the claimant's treating physician, Dr. Robert L. Mattill, regularly billed the Workmen's Compensation Fund for monthly office visits by the claimant.

The claimant now takes the position that the evidence adduced does not support the Commissioner's finding that he reached his maximum degree of recovery. He contends that he should, therefore, still be receiving temporary total disability benefits.

In our recent decision in *Mitchell v. State Compensation Commissioner*, No. 14400 (W. Va. Sup. Ct. App. May 22, 1979), we examined the legal aspects of proceedings to terminate temporary total disability benefits. We distinguished proceedings for termination of such benefits brought under *W. Va. Code*, 23-5-1, from those brought under *W. Va. Code*, 23-5-1c. Because the employer moved to terminate Mr. Fakourey's benefits more than thirty days after the award of such benefits, the proceedings in this case, for the reasons stated in *Mitchell*, are obviously proceedings under *W. Va. Code*, 23-5-1c.

With regard to such proceeding, we stated in syllabus point 1 of *Mitchell*:

"Under the Workmen's Compensation Act, W. Va. Code, 23-1-1, *et seq.*, temporary total disability benefits should be terminated where the Commissioner finds that a claimant either has reached his maximum degree of medical improvement from the industrial accident, or has been medically certified to return to work."

We also said in syllabus point 5 of *Mitchell*:

"In a proceeding under W. Va. Code, 23-5-1c, to terminate temporary total disability benefits, the proper date for termination of the benefits is the date of the Commissioner's termination order."

After carefully examining the evidence adduced in this case, we cannot conclude that the Commissioner erred in holding that the evidence demonstrated that the claimant had reached his maximum degree of recovery. Although Dr. Heckman in his report failed to use the words "maximum degree of medical improvement", he did state that he could find no objective evidence to substantiate the claimant's complaints. The plain tenor of Dr. Heckman's report was that the claimant, as of the date of the report, had nothing medically wrong with him and had thus recovered from the effects of his occupational accident. Although the claimant apparently continued to see Dr. Mattill, he introduced no medical evidence to rebut Dr. Heckman's findings.

Although we do not concur with the claimant's contention that the Commissioner's finding of maximum medical improvement was contrary to the evidence in the case, we note that the Commissioner, in his August 15, 1977 order, terminating the temporary total disability benefits, made such termination retroactively effective as of February 15, 1977, the date of Dr. Heckman's report. This is directly contrary to the conclusion and teaching of *Mitchell* that the proper date for termination of benefits is the date of the Commissioner's termination order.

The claimant's second contention is that the Appeal Board and the Commissioner erred in failing to examine him closely on his lack of legal representation and in failing to advise him of the benefits of such representation.

In his brief, the claimant argues that we should follow the holdings of federal courts that have required administrative law judges in Social Security proceedings to insure that a claimant's decision to appear without counsel is knowing and intelligent. In support of his position the claimant cites a number of federal cases, e.g., *Coyle v. Gardner*, 298 F.Supp. 609 (D.C. Hawaii 1969); *Gold v. Secretary of H.E.W.*, 463 F.2d 38 (2d Cir. 1972). We note that, in spite of the position of federal courts, the Supreme Court of the United States has recognized that there is no constitutionally protected right to counsel for social security benefit claimants who are pursuing their claims through administrative procedures of the social security system. *Randolph v. U. S.*, 274 F.Supp. 200, affirmed 88 S.Ct. 695, 389 U.S. 570, 19 L.Ed.2d 785 (D.C. N.C. 1967).

We decline to hold that a claimant in a Workmen's Compensation proceeding has a constitutional right to have appointed counsel. However, in view of the obvious beneficial effect of representation by counsel, both to a claimant and to the speedy resolution of the issues in a Workmen's Compensation case, we recommend that, in the future, the Workmen's Compensation Commissioner, his agents, or employers advise claimants appearing in their own behalf that they are entitled to and encouraged to retain counsel to represent them.

Because the Workmen's Compensation Commissioner improperly terminated the claimant's temporary total disability benefits effective as of February 15, 1977, rather than as of August 15, 1977, the date of the termination order, this case is reversed and remanded to the Workmen's Compensation Commissioner with directions that, in addition to the benefits already awarded the

claimant, he award the claimant temporary total disability benefits for the period February 15, 1977, through August 15, 1977.

*Reversed and remanded with directions.*