# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
January 23, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CURTIS L. TREADWAY,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0183** (BOR Appeal No. 2048667)
                (Claim No. 920031478)

**WEST VIRGINIA OFFICE OF
INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**TRIPLE S CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Curtis L. Treadway, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Office of Insurance Commissioner, by Anna L. Faulkner, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 27, 2014, in which the Board affirmed a July 15, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 14, 2012, decision which denied the addition of cervical spondylosis and cervical spinal stenosis to the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Treadway, a welder and fabricator, injured his neck and back in the course of his employment on January 10, 1992. The claim appears to have been held compensable for neck sprain/strain, thoracic sprain/strain, and closed vertebral dislocation. Mr. Treadway has undergone extensive cervical spine treatment, including two surgeries. An MRI taken in January of 2003 showed mild straightening of normal cervical lordosis, mild disc bulges at C2-3, mild central canal stenosis at C3-4, and disc-osteophytic bulges at C4-5. There was also bilateral degenerative joint disease which resulted in a slight deformity of the cord and moderate central canal stenosis. The findings had worsened since a previous exam.

On July 22, 2011, Chaunfang Jin, M.D., performed an independent medical evaluation. She noted that Mr. Treadway reported a different mechanism of injury than was indicated in the medical records reviewed. He stated to her that he was crushed between a piece of heavy metal and a metal column. She found that MRIs and CTs have shown progressive disc disease at multiple levels without trauma. She stated that Mr. Treadway was stable from 1993 to 1997, and his previous surgeries were likely not necessary for the compensable injury. His ongoing problems were found to likely be the result of degenerative disc disease and unrelated to the compensable injury. On July 6, 2012, the Office of Judges authorized a CT/myelogram. It found that Mr. Treadway certainly had pre-existing degenerative changes, and a myelogram was necessary to determine if his current symptoms are the result of the compensable injury or degenerative changes. The claims administrator denied a request to add cervical spondylosis and cervical spinal stenosis as compensable conditions of the claim on August 14, 2012, because the conditions are degenerative in nature.

In two supplemental reports in April of 2013, Dr. Jin stated that Mr. Treadway has non-work-related cervical degenerative disc disease. She noted that he had surgeries due to a progression of pre-existing degenerative disc disease. Dr. Jin was asked whether the conditions of cervical spondylosis and cervical spinal stenosis pre-existed the compensable injury. She determined that the compensable diagnoses in the claim are neck sprain/strain, thoracic sprain/strain, and closed dislocation of cervical vertebra. She stated that there is no radiographic evidence of cervical vertebra dislocation; therefore, the diagnosis is evidently incorrect. She also stated that the mechanism of injury is unclear. Mr. Treadway reported that he was injured while he was working on a crane and it jerked. He has also stated that he was injured pulling on a metal plate. In Dr. Jin's July 22, 2011, independent medical evaluation he reported that he was crushed between a piece of heavy metal and a metal column. Dr. Jin found that Mr. Treadway's clinical course is not consistent with an injury but is instead consistent with the natural history of degenerative disc disease. These symptoms often have a gradual onset and progressively worsen over time. She stated that cervical sprain/strain is not a condition that progresses or can cause spinal stenosis, and MRIs show a progression of degenerative disc disease. Dr. Jin noted that cervical spondylosis is a term for degenerative cervical spine disease, and a soft tissue sprain is not a risk for degeneration. She opined that the compensable injury would not have caused or accelerated the condition. There is no evidence to support that the cervical stenosis is causally related to the compensable injury. Cervical stenosis is abnormal narrowing of the spinal canal and is the result of a progression of pre-existing degenerative disc disease. A cervical sprain does not cause or progress spinal stenosis.

The Office of Judges affirmed the claims administrator's August 14, 2012, decision in its July 15, 2013, Order. Based upon a review of the record, the Office of Judges found that the requested conditions are purely degenerative changes. It noted that Mr. Treadway introduced an enormous amount of medical evidence but very little of it was relevant to the issue at bar. Mr. Treadway failed to introduce the request for the addition of cervical spondylosis and cervical spinal stenosis to the claim. He also did not offer any evidence as to why the compensable conditions should be added to the claim. The Office of Judges found that Mr. Treadway has undergone substantial cervical spine treatment but radiological evidence shows that his degenerative conditions have progressed over the years unrelated to the compensable injury. The Office of Judges noted that in a July 6, 2012, Order, the Administrative Law Judge authorized a CT/myelogram to rule out the cause of Mr. Treadway's cervical pain as neurological in nature or the result of degenerative changes. That decision did not find that the degenerative changes were compensable. The Office of Judges found that Mr. Treadway offered no evidence stating that the degenerative changes are due to the compensable injury, and the requested conditions therefore could not be added to the claim. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on January 27, 2014.

On appeal, Mr. Treadway argues that he has been statutorily banned from obtaining counsel. This Court has previously found in *Fakourey v. Workmen's Compensation Commissioner*, 163 W.Va. 551, 258 S.E.2d 526 (1979) that a claimant has no constitutional right to counsel in workers' compensation claims. However, there is no statute that prevents a claimant from retaining counsel. In fact, the evidence submitted to this Court states that Mr. Treadway was represented by counsel at various points during the course of this claim. He also argues that he was not allowed to participate in his independent medical evaluation; however, the evidence indicates that Dr. Jin examined him and he filled out paper work. Mr. Treadway's assertion is therefore unfounded. Lastly, he argued that he was not given adequate time to submit medical evidence. Mr. Treadway submitted numerous reports before the Office of Judges, and there is no indication that the Office of Judges denied a motion for an extension of the time frame. The West Virginia Office of the Insurance Commissioner asserts that Mr. Treadway was not statutorily prevented from obtaining counsel, and he has failed to show that the requested conditions are the result of the compensable injury.

After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. The evidentiary record indicates that Mr. Treadway has had substantial treatment for his cervical spine, including surgery. The record also shows a long history of degenerative changes in the cervical spine. Mr. Treadway has submitted no evidence to indicate a causal connection between the requested conditions of cervical spondylosis and cervical spinal stenosis and the compensable injury. Dr. Jin's independent medical evaluation and subsequent supplemental reports are credible and indicate that the conditions should not be held compensable. We agree with her findings.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  January 23, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum

4